**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isaac J Rodriguez, | No. CV-20-01814-PHX-DWL (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Target Corporation, | |
| Defendant. | |

In this action, *pro se* Plaintiff Isaac Rodriguez ("Plaintiff") alleges that Target Corporation ("Defendant") violated Title VII when denying his employment application. Several weeks after the deadline to file any discovery-related motions expired, Plaintiff filed a motion to compel. (Doc. 50.) Magistrate Judge Fine, to whom this matter has been assigned for all pretrial proceedings, issued a detailed order denying the motion. (Doc. 82.) Now pending before the Court are Plaintiff's objections to that order. (Doc. 89.) For the following reasons, the objections are denied.

## BACKGROUND

On September 16, 2020, Plaintiff initiated this action by filing the complaint. (Doc. 1.) As summarized in the screening order, the complaint alleges that Plaintiff applied to work for Defendant in 2008 to 2009, that Plaintiff's application was denied after Defendant ran a criminal background check, and that Defendant thereby subjected Plaintiff to employment discrimination based on race and national origin in violation of Title VII. (Doc. 5.)

On March 1, 2021, Judge Fine issued the Rule 16 scheduling order. (Doc. 14.) Among other things, it provided that "[a]ll motions to compel must comply with LRCiv 37.1" and "[a]ll motions regarding discovery, including motions to compel, shall be filed promptly after good faith conferral and no later than September 3, 2021." (*Id.* at 3-4.)

On September 22, 2021, three weeks after this deadline expired, Plaintiff filed a motion to compel discovery. (Doc. 50.)[1] The motion requested, "[p]ursuant to Rule 37(A)(4) Fed. R. of Civ. Pro., and LRCiv 37.1(B), . . . an order compelling the defendant to file answers to interrogatories requested on July 20, 2021, and to produce for inspection and copying the documents requested on April 9th, June 1st and July 20th, 2021." (*Id.* at 1.) In essence, this was a motion to compel Defendant to respond to Plaintiff's Requests for Production ("RFPs") 1-12 and Interrogatories 1-4. (Doc. 51, Ex. A-D.)

On October 12, 2021, Defendant responded to the motion. (Doc. 53.)

On October 20, 2021, Judge Fine ordered Plaintiff and Defendant to "confer in good faith" about the discovery dispute. (Doc. 56 at 2-3.)

On November 22, 2021, Defendant supplemented its response to the motion, confirmed that the parties had conferred telephonically, stated that RFPs "1, 2, 3, 5, 6, 9, and 10 have been resolved," and acknowledged that the disputes over the remaining RFPs and interrogatories had not been resolved. (Doc. 65 at 1-2.)

On December 8, 2021, Plaintiff filed a reply in support of his motion. (Doc. 76.)

On January 5, 2022, Judge Fine issued an order denying the motion. (Doc. 82.)

On January 20, 2022, Plaintiff filed objections to Judge Fine's order. (Doc. 89.)

On February 2, 2022, Defendant responded to Plaintiff's objections. (Doc. 99.)

On March 7, 2022, Plaintiff moved to strike Defendant's response. (Doc. 103.)

On March 14, 2022, Defendant opposed the motion to strike. (Doc. 104.)

---

[1] Although the motion was docketed on September 27, 2022, it was signed by Plaintiff and, presumably, delivered to prison authorities on September 22, 2022. *Porter v. Los Angeles County*, 2016 WL 8732091, *2 (C.D. Cal. 2016) ("[U]nder the 'mailbox rule,' . . . a prisoner's section 1983 complaint, habeas petition, or other legal document is deemed constructively filed on the date he delivered it to prison authorities for mailing or placed it in a prison mailbox for mailing, regardless of the date it is actually received and filed by the court clerk.").

**DISCUSSION**

I.    <u>Legal Standard</u>

Under Rule 72(a) of the Federal Rules of Civil Procedure, when a magistrate judge issues an order resolving a non-dispositive motion, "[a] party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "The clearly erroneous standard applies to the magistrate judge's factual findings . . . [while] the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 458 (D. Ariz. 2012) (cleaned up). "Review under the clearly erroneous standard requires considerable deference; the findings . . . stand unless the [reviewing] court has the definite and firm conviction that a mistake has been committed." *Ambassador Hotel Co., Ltd. v. Wei-Chuan Investment*, 189 F.3d 1017, 1024 (9th Cir. 1999) (citation omitted).

Here, the challenged order is non-dispositive because it relates to pre-trial discovery. *See, e.g.*, *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 517-18 (D.N.J. 2008) ("Non-dispositive matters include . . . pretrial discovery matters . . . ."); *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) ("Pre-trial discovery issues are generally considered non-dispositive matters.").

II.    <u>The Underlying Order</u>

Judge Fine noted that Plaintiff's motion to compel was untimely, because it was filed several weeks after the motion-to-compel deadline set forth in the scheduling order, and then held that the motion should be denied for two independent reasons: (1) it did not comply with LRCiv 37.1; and (2) Plaintiff's arguments failed on the merits because the disputed discovery requests were, for various reasons, "[not] directed to obtain relevant information and are [not] proportional." (Doc. 82.)

III.    <u>Objections</u>

Plaintiff dedicates most of his brief to arguing why he should have prevailed on the

merits of his discovery challenges. (Doc. 89 ¶¶ 3-20.) As for Judge Fine's determination that the motion failed to comply with LRCiv 37.1, Plaintiff's only response is that he should be "held to a less stringent standard" because he is "pro se and [a] layman of the law" and "[t]he court offers no form as a guide, necessary to follow court rules and procedures accordingly." (Doc. 89 at 5.)

IV. <u>Analysis</u>

Judge Fine did not commit clear error, or rule in a manner that was contrary to law, by concluding that Plaintiff's motion to compel should be denied.

As an initial matter, the motion was untimely. The Rule 16 scheduling order stated, in clear and unambiguous terms, that any motion to compel had to be filed by September 2, 2021. It is undisputed that Plaintiff failed to comply with this deadline. Although Plaintiff points to his *pro se* status as a reason why his non-compliance with various procedural requirements should be excused, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). *See also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Thus, even though Judge Fine chose not to deny the motion on timeliness grounds, the Court concludes this provides an independent reason for affirmance.

As for non-compliance with LRCiv 37.1, that rule provides:

> When a motion for an order compelling discovery is brought pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure, the moving party shall set forth, separately from a memorandum of law, the following in separate, distinct, numbered paragraphs: (1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested; (2) the answer, designation or response received; and (3) the reason(s) why said answer, designation or response is deficient.

Failure to "conform in all substantial respects with the requirements" of this and other local rules "may be deemed a consent to the denial . . . of the motion." LRCiv 7.2(i), (k). Courts have "broad discretion in interpreting and applying their local rules." *Delange v. Dutra*

*Constr., Co.*, 183 F.3d 916, 919 (9th Cir. 1999) (citation omitted).

Once again, Plaintiff's only response to Judge Fine's analysis is to note that he is proceeding *pro se*. Although it is true that the law generally relieves *pro se* litigants "from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them," *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (citation omitted), courts are not obligated to "advocate for or assist . . . a pro se litigant through the trial thicket." *Weathington v. Hunter*, 316 Fed. App'x 603, 604 (9th Cir. 2009) (cleaned up). Even construed liberally, Plaintiff's motion did not describe the content of Defendant's responses to the discovery requests or explain why those responses were deficient. Such information is critical to a judge evaluating whether a motion to compel should be granted and is necessary to inform the opposing party of the basis of the alleged deficiencies. Thus, Plaintiff has failed to show that Judge Fine's order was clearly erroneous or contrary to law.

Given these conclusions, it is unnecessary to resolve Plaintiff's objections to Judge Fine's additional merits-based reasons why the motion to compel should be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections (Doc. 89) are **denied**.

**IT IS FURTHER ORDERED** that the reference to the magistrate judge is withdrawn with respect to Plaintiff's motion to strike (Doc. 103) and that Plaintiff's motion to strike (Doc. 103) is **denied as moot**.

Dated this 16th day of March, 2022.

Dominic W. Lanza
United States District Judge